AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
2007 MAR -5 PM 2:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA            JUDGMENT IN A CRIMINAL CASE
           v.                       (For Offenses Committed On or After November 1, 1987)

FELIPE MALDONADO-QUINTERO           Case Number:            06CR2453-BTM

                                    CHARLES N. GUTHRIE
REGISTRATION NO:   00158298         Defendant's Attorney

THE DEFENDANT:

X  pleaded guilty to count(s)    one of the information.

☐  was found guilty on count(s)  _____
   after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 21 USC 952 & 960 and 18 USC 2 | IMPORTATION OF MARIJUANA and AIDING AND ABETTING | 1 |

    The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

   Count(s)    is/are    dismissed on the motion of the United States.

X  Assessment : Pursuant to the motion of the United States under 18 USC 3573, the special assessment provided for under 18 USC 3013 is waived and remitted as uncollectible.

X  Fine ordered waived.
    IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                    FEBRUARY 23, 2007
                                    Date of Imposition of Sentence

                                    [signature]
                                    BARRY TED MOSKOWITZ
                                    UNITED STATES DISTRICT JUDGE


                                    Entered Date:

Judgment — Page 2 of 4

DEFENDANT: FELIPE MALDONADO-QUINTERO
CASE NUMBER: 06CR2453-BTM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twelve (12) months and one (1) day.**

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: FELIPE MALDONADO-QUINTERO
CASE NUMBER: 06CR2453-BTM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, but not more than 2 times per month, unless defendant is removed from the United States.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT:          FELIPE MALDONADO-QUINTERO
CASE NUMBER:        06CR2453-BTM

## SPECIAL CONDITIONS OF SUPERVISION

_X_  Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

_X_  Not possess firearms, explosive devices, or other dangerous weapons.

_X_  Not possess any narcotic drug or controlled substance without a lawful medical prescription.

_X_  If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure.

____  Participate in a program of drug and alcohol abuse treatment including testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer.

_X_  Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

_X_  Not enter the United States illegally.

_X_  Cooperate as directed in the collection of a DNA sample.

____  Provide complete disclosure of all personal and business financial records to the probation officer when requested.

____  Resolve all outstanding warrants within sixty (60) days of release from custody.

____  Remain in your place of residence for a period of ____ days, except while working at verifiable employment, attending religious services or undergoing medical treatment

____  Successfully complete a residential drug program.

____  Complete _____ hours of community service in a program approved by the Probation Officer within _____ months.

____  Reside in a community treatment/corrections center for a period of _60_ days commencing upon release.

____  Participate in a program of mental health treatment as directed by the probation officer.  The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.  The defendant shall consent to the release of evaluations and treatment information to the probation officer and the Court by the mental health provider.

____  Not aid, assist, harbor or transport undocumented aliens.

____  Not associate with known alien smugglers.

____  Not associate with known drug traffickers or users.

____  Not enter Mexico without the written permission of the probation officer.

____  Maintain full-time employment or education or a combination of both.

____  Obtain  G.E.D. by

____  If the defendant has complied with all conditions of Supervised Release for _____, Supervised Release may be terminated on application to the Court and good cause shown.